**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Pipe Trades Services Minnesota, Inc., a Minnesota corporation, | No. 26-cv-1572 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Mike's Custom Mechanical, Inc., a Minnesota corporation, | |
| Defendant. | |

---

On November 12, 2025, Plaintiff Pipe Trades Services Minnesota, Inc. ("PTSM") initiated this action to collect unpaid contributions to employee-benefit funds from Defendant Mike's Custom Mechanical, Inc. ("MCM"). Compl., Dkt. 1. The matter is before the Court on PTSM's Motion for Default Judgment, Dkt. 10, on which the Court held a hearing on August 6, 2026, Dkt. 24. The Motion is granted.

**FINDINGS OF FACT**

1.     PTSM commenced this action by filing a Complaint on February 23, 2026. MCM was served with the Summons and Complaint that same day. Dkt. 6.

2.     The time allowed by law and specified in the Summons for MCM to answer the Complaint has lapsed. Dkt. 8 ¶ 4. To date, MCM has failed to file an Answer with the Clerk of Court, serve an appropriate Answer upon Plaintiff's counsel, or otherwise respond to the litigation. *Id.* ¶ 5. MCM also failed to appear for the August 6th hearing. Dkt. 24. Despite being served with the Complaint and the motion for default judgment, and

1

receiving notice of other filings, MCM has not participated in this case or communicated with the Court in any way.

3.    On March 19, 2026, the Clerk of Court entered default against MCM. Dkt. 9.

4.    PTSM is responsible for collecting, including by pursuing actions like this one, fringe benefit contributions owed by employers to certain nonprofit tax-exempt employee fringe benefit plans, commonly and collectively referred to as the "Pipe Trades Services MN Fringe Benefit Funds" ("PTSM Funds"). Compl. ¶ 2. The PTSM Funds were established to provide pension, health, disability, death and other fringe benefits to employees who perform work under the jurisdiction of various local unions of the United Association of the Plumbing and Fitting Industry of the United States and Canada, AFL-CIO, including Local Union No. 34 and Local Union No. 539. *Id.* ¶ 4.

5.    PTSM is a fiduciary for purposes of ERISA, and the PTSM Funds are multi-employer funds and multi-employer plans governed by ERISA. *Id.* ¶¶ 5–6. PTSM also collects contributions for a Working Fund and Industry Fund that may not be ERISA multi-employer funds.[1] *Id.* ¶ 5.

6.    MCM is a Minnesota corporation that is obligated to submit contributions on behalf of covered employees to the PTSM Funds. *Id.* ¶¶ 7, 14.

7.    MCM is bound by the terms of Working Agreements between Local 539 and Local 34 and the Minnesota Mechanical Contractors Association ("MMCA"). *Id.* ¶¶ 11–

---

[1] If the Working Fund and Industry Fund are not multi-employer funds governed by ERISA, the Court has supplemental jurisdiction over PTSM's claims related to collection of contributions to these funds. 28 U.S.C. § 1367(a).

2

12; Dkt. 20, Ex. A. The Working Agreements are referred to herein as "the CBA." The CBA provides that MCM is subject to the terms of trust agreements establishing the PTSM Funds and administrative rules of those funds. Compl. ¶ 13.

8. Under the CBA, MCM is required to provide monthly contribution reports to PTSM and pay fringe benefit contributions owed to the PTSM Funds for each hour worked in the preceding month by the employees covered by the CBA. *Id.* ¶¶ 13–15. Under the CBA, the trust agreements, and the applicable administrative rules, if MCM fails to pay contributions within five days of the due date the employer is obligated to make payment, there is a liquidated damages assessment of three percent of the contributions owed, and if contributions are still not paid within ten days of the due date then the liquidated damages assessment increases to ten percent of the contributions owed. *Id.* at ¶ 17.

9. MCM failed to submit fringe benefit contributions for hours worked by covered employees during the months of September 2025, October 2025, and December 2025 through the present date. *Id.* ¶ 18; Dkt. 20 ¶¶ 10–12. Although PTSM originally sought unpaid contributions for August 2025, MCM submitted payment for August 2025 contributions after this litigation was filed, along with the corresponding liquidated damages assessment. Dkt. 20 ¶ 9.

10. MCM provided fringe benefit contribution reports for September 2025 and October 2025, but did not submit payment for those months. Two Local 34 members worked for MCM during those months. Although MCM has not provided contribution reports or payment for December 2025 through the present, the Local 34 employee who continues to work at MCM provided pay stubs showing the number of hours of regular and

3

overtime he worked in each month. Dkt. 19 ¶¶ 6–8. PTSM used those hours worked to calculate amounts owed for the months from December 2025 through the present. Dkt. 20 ¶ 12.

11.     The CBA requires MCM to pay interest on unpaid contributions at the prime rate, which is currently 6.75%. Dkt. 20, Ex. A; *id.*, Ex. A, Article X, § 3; Dkt. 20 ¶ 6; Dkt. 21 ¶ 6.

12.     MCM has failed to pay $85,381.58 in fringe benefit contributions owed under the CBA. Dkt. 20 ¶¶ 6–8, 10, 12; *id.*, Ex. D; *id.*, Ex. E. Under the CBA, the unpaid liquidated damages owed by MCM totals $8,538.16. *Id.* ¶ 13. MCM owes $3,285.71 in interest on its delinquent contributions and liquidated damages assessments. Dkt. 21 ¶¶ 11–13, 14 & Ex. B. PTSM has incurred $11,520 in fees and $500 in costs in this action. Dkt. 21 ¶¶ 7–10 & Ex. A.

## **CONCLUSIONS OF LAW**

1.     The Court has jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a) and 1132, and 28 U.S.C. §§ 1331, 1367. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2).

2.     MCM was properly served with the Summons and Complaint, Fed. R. Civ. P. 4(h)(1)(A); Minn. Stat. § 5.25, subd. 1; and MCM failed to timely answer or otherwise defend in this action, Fed. R. Civ. P. 12(a)(1)(A)(i).

3.     Because MCM is in default, the Court takes the factual allegations in the Complaint establishing liability as true. *Everyday Learning Corp. v. Larson*, 242 F.3d 815,

818 (8th Cir. 2001). The Court also considers whether PTSM has established the amount of damages claimed through submission of evidence. *Id.*

4.    The facts alleged here support PTSM's legal claims and MCM's liability, and PTSM is, therefore, entitled to entry of default judgment. Furthermore, PTSM has provided evidence sufficient to establish the amount of MCM's liability. *See* Fed. R. Civ. P. 55(b)(2) (permitting courts to enter default judgment against a party upon another party's application).

5.    For the months of September 2025, October 2025, and December 2025 through the present, MCM is liable to PTSM for delinquent contributions, interest, liquidated damages for unpaid contributions, as well as reasonable attorneys' fees and costs incurred in collecting the delinquency.

6.    The evidence before the Court demonstrates that MCM is liable to PTSM in the amount of $109,225.45, comprised of $85,381.58 in base contributions; $8,538.16 in liquidated damages; $3,285.71 in interest; $11,520.00 in reasonable attorneys' fees; and $500.00 in reasonable costs.

## **ORDER**

Based on the foregoing Findings of Fact and Conclusions of Law, **IT IS ORDERED** that:

1.  Plaintiff's Motion for Entry of Default Judgment (Dkt. 10) is **GRANTED**;

2.  Defendant Mike's Custom Mechanical, Inc. is liable to Plaintiff Pipe Trades Services Minnesota, Inc., and Pipe Trades Services Minnesota, Inc. is entitled to judgment in the amount of $109,225.45, comprised of $85,381.58 in base contributions; $8,538.16 in liquidated damages; $3,285.71 in interest; $11,520.00 in reasonable attorneys' fees; and $500.00 in reasonable costs.

**Let Judgment be entered accordingly.**


Date: August 12, 2026                     *s/ Katherine M. Menendez*
                                          Katherine M. Menendez
                                          United States District Judge